UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| Please Touch Museum, | ) Case No. 15-16558 (JKF) |
| Debtor. | ) |

ORDER AUTHORIZING DEBTOR TO EMPLOY AND RETAIN
RUST CONSULTING/OMNI BANKRUPTCY AS
NOTICE, CLAIMS AND SOLICITATION AGENT

Upon the application (the "Application") of Debtor Please Touch Museum for an order (this "Order") authorizing Debtor to employ and retain Rust Consulting/Omni Bankruptcy ("Rust Omni") as notice, claims and solicitation agent in connection with the above-captioned chapter 11 case; and upon the *Declaration of Lynn McMaster in Support of First Day Motions*; and it appearing that the relief requested is in the best interests of the estate of the Debtor, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Affidavit of Paul H. Deutch in support thereof (the "Deutch Affidavit"); and the Court being satisfied based on the representations made in the Application and the Deutch Affidavit that Rust Omni neither holds nor represents an interest adverse to the estate of the Debtor nor has a connection to the Debtor, its creditors or its related parties; and notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

118421223_4

1. The Application is granted.

2. The Debtor shall be, and hereby is, authorized to employ and retain Rust Omni as its notice, claims and solicitation agent in accordance with the terms and conditions set forth the Retention Letter dated as of August 25, 2015 (the "Retention Letter").

3. Rust Omni is appointed as agent for the Office of the Clerk of the Court (the "Clerk's Office") and custodian of Court records and, as such, is designated as the authorized repository for all proofs of claims filed in this chapter 11 case and is authorized and directed to maintain official claims registers for the Debtor and to provide the Clerk's Office with a certified duplicate thereof on a monthly basis unless otherwise directed by the Clerk's Office.

4. Upon the request of the Debtor, Rust Omni will assist the Debtor with any other additional services requested.

5. Rust Omni is authorized and directed to perform all related tasks to process the proofs of claims and maintain a claims register.

6. Rust Omni is authorized to take such other action to comply with all duties set forth in the Application, the Retention Letter, and this Order.

7. The Debtor is authorized to compensate Rust Omni on a monthly basis, in accordance with the Retention Letter, upon the receipt of reasonably detailed invoices setting forth the services provided by Rust Omni in the prior month and the rates charged for each, and to reimburse Rust Omni for all reasonable and necessary expenses it may incur upon the presentation of appropriate documentation. Rust Omni shall not be required to file any fee application for approval of payments.

118421223_4

8. Notwithstanding the possible applicability of Rules 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

9. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtor under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. To the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order and the Retention Letter shall govern.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 15, 2015
Philadelphia, Pennsylvania

United States Bankruptcy Judge

-3-

118421223_4